DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a March 24, 1998 judgment of the Ottawa County Municipal Court in which the court accepted a no contest plea from appellant, Deborah K. Dresser, found her guilty of driving under the influence of alcohol in violation of R.C.4511.19(A)(3), and sentenced her for the crime. Appellant has presented four assignments of error for consideration that are:
"ERROR NO. 1:
 THE COURT ERRED IN CONSOLIDATION [SIC] THE DEFENDANT'S MOTION TO SUPPRESS WITH ANOTHER CASE INVOLVING A DIFFERENT SOLUTION AND DENYING THE DEFENDANT THE OPPORTUNITY TO BE HEARD ON THE ISSUES RAISED.
"ERROR NO. 2:
 AS A MATTER OF LAW, THE PROCEDURES OF THE OHIO DEPARTMENT OF HEALTH IN THE PRESENT CASE CONSTITUTE AN ABUSE OF DISCRETION.
"ERROR NO. 3:
 THE COURT ERRED IN PUTTING THE BURDEN OF PROOF ON THE DEFENDANT TO PROVE AN ABUSE OF DISCRETION.
"ERROR NO. 4:
 THE DECISION OF THE COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that the trial court erroneously denied her motion to suppress in this case. She says that in her motion to suppress, she alleged that the calibration solution number 97280 was invalid. She says the trial court never heard any testimony regarding solution number 97280. Instead, the trial court "combined" her case, and several other cases, with a case involving the calibration of solution number 96130. The only testimony the trial court heard before ruling on appellant's motion to suppress related to calibration solution number 96130.
Finally, she says that the trial court incorrectly stated that her trial counsel had stipulated that the Director of Health used the same method of approval for batch number 97280 as he used for batch number 96130.
Appellee responds that "the same basic issue involved in all of the cases was the calibration of the BAC Datamaster machine." Appellee also says: "Furthermore, although Appellant makes the claim that there was no stipulation with regard to the methods of batch solution approval as well as the claim there was no stipulation as to consolidation, the record is void of any objections to the Trial Court's statements of such." Appellee says all of the cases "consolidated" by the trial court, including appellant's case, "involved a common question of law or fact, and the determination of whether to consolidate is within the sound discretion of the Trial Court."
By agreement, the parties presented this court with a statement of the record pursuant to App.R. 9(D). The agreement provides:
 "Now come the parties, through their respective Counsel, and hereby stipulate to the following record for Appeal:
 "1. The transcript of the hearing in the matter of State of Ohio vs. Randall Breier et al. [sic], Ottawa County Municipal Court case number TRC-970041. Copy attached. Copies of decisions attached.
 "2. During the course of this case in the trial Court, the parties agreed to consolidate certain issues raised in Defendant's Motion to Suppress which issues were identical to those raised in State of Ohio vs. Randall Breier et al. [sic]
 "3. No record of the arraignment, plea or sentencing will be provided. Appellant is not raising issues on appeal related to sentencing. Defendant at the time of his [sic] plea and sentencing objected on the record to the denial of Defendant's Motion to Suppress."
The transcript referred to in the first agreed statement above contains the following pertinent information. At the beginning of the hearing, the following exchange occurred between the court and defense counsel from the Breier case:
 "THE COURT: All right. We're here on the State of Ohio versus essentially, I guess, four Defendants here; State of Ohio versus Kevin Till, the State of Ohio versus Randall Breier, State of Ohio versus Richard Selva, and State of Ohio versus David Oberle, which we essentially have the same issue and the
motion to suppress.
 "Before we get started, are there any pretrial motions or anything the Court needs to rule on?
 "MR. RUDES: Yes. Just an additional supplement for the record, that being that I've been advised by the court that other cases that we were going to consolidate would not be consolidated with this case, but those parties will be bound by the court's ruling as they are identical issues. I have some additional like six cases where 96130 batch solution is involved.
 "Also Attorney Randy Diggs is present, and he has a client who has been tested by a machine utilizing the same batch solution who would be bound by the determination of the court. He will be participating with me today.
 "THE COURT: Well, is this an understanding between the State and these other Defendants at a previous pretrial hearing or something?
 "MR. RUDES: This was an indication to me by the court that they would not be consolidating further cases, I think, just to keep the administrative and logistic thing down, because every time they do something, they have to send out notices to all the joint parties, and so that they would be not be consolidating the other cases with this.
 "THE COURT: Well, you know, I don't know. I've got these four cases in front of me. I have no idea what the other cases are involving. That certainly would make sense if they are the same issue that they would be bound. But, I mean, I can't really make a ruling on those cases. I don't have them in from [sic] of me. But we'll certainly note your opinion for the record.
 "MR. DIGGS: Okay, and if I could, Your Honor, I would simply note that as far as my clients go, we don't consent to be bound. But if that's the fact, then we're here.
"THE COURT: Okay. All right.
 "MISS SCHIETS: The State objects for the record to any participation of an attorney
who is not an appearance in these four cases."
Contrary to the representation made by the state, the record does show that appellant objected to the "consolidation" of her case withState v. Breier. In the judgment entry filed by the trial court on August 12, 1998 in this case, the court said, in pertinent part:
 "There are no factual allegations that equipment, formula or batch solution employed have resulted in invalid testing results or that range variations are beyond acceptable probability levels. No factual allegations of prejudice or substantive effect on a given test result. Matters raised in Motion previously determined in STATE V. BREIER Ottawa County Municipal Court, Case No. TRC-970041 A, decided July 23, 1998."
The court said the "balance" of appellant's motion to suppress was "set for further hearing." The court's statement shows that the Breier decision was made on July 23, 1998.
On August 11, 1998, the same day the trial court filed the above judgment entry, appellant filed her motion to suppress in which she argued:
 "This Court has previously ruled on the calibration issue involving batch numbers other than the batch used in the Defendant's situation. Therefore, it would be error for this Court to base a decision in this case on the facts and circumstances involved in other cases and such a consolidated ruling would deny the Defendant her Constitutional right to confront witnesses against her."
This statement shows that appellant did argue in the trial court that her case could not be "consolidated" with Breier because different batch numbers were at issue. Furthermore, the transcript from the hearing in Breier confirms appellant's allegation that the trial court never heard any testimony in that case relating to the testing of batch number 97280.
While the agreed "STATEMENT OF RECORD" filed in this case could have been much more carefully drafted, so that the parties clearly informed this court what "certain issues" from this case the parties agreed to "consolidate" with issues raised in State v. Breier
and so that the parties clearly explained the basis for appellant's objection to the denial of her motion to suppress, we conclude that when these statements are considered in conjunction with the rest of the record, appellant did preserve the issues raised in her first assignment of error. We further conclude that the trial court did abuse its discretion when it combined this case with a case involving an entirely different batch calibration solution. A recent ruling from this court shows that when a motion to suppress is filed challenging the accuracy of a breath test result:
 "Generally, the admissibility of breath test results depends on whether the state has substantially complied with the regulations promulgated by the ODH. * * * Once the state introduces evidence of substantial compliance with the applicable regulations, the burden shifts to the defendant to show that he was prejudiced by anything less than complete technical compliance with the challenged regulation." State v. Manzanares (Apr. 16, 1999), Wood App. No. WD-98-033, unreported (citations omitted).
In this case, no testimony was presented related to batch calibration solution 97280 to show that the state substantially complied with the regulations promulgated by ODH.
Appellant was entitled to a hearing on her motion to suppress on the issue of whether or not the state did substantially comply with ODH regulations with regard to batch calibration solution 97280. Accordingly, appellant's first assignment of error is well-taken.
Our disposition of the first assignment of error renders the remaining assignments of error moot. The decision of the Ottawa County Municipal Court is reversed, and this case is remanded for further proceedings consistent with this opinion.
Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J., JUDGE
 _______________________________ James R. Sherck, J., JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
CONCUR.